**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

CHRISTOPHER RECH,

        Plaintiff,

      v.

AMAZON.COM, INC,

        Defendant.

---

**COMPLAINT & DEMAND FOR JURY TRIAL**

---

Plaintiff, **CHRISTOPHER RECH** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **AMAZON.COM, INC**. (hereafter referred to as "Amazon," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.    This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot DUO 6-Quart Electric Pressure Cooker," which specifically includes the Duo 60 V3 model (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case. The subject pressure cooker marketed, imported, distributed, and sold by Amazon and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. *See In re: Instant Brands*

1

*Acquisition Holdings, Inc.,* et. al., 4:2023-bk-90716 [Dkt. 1]. Instant Brands is, therefore, not subject to this Court's jurisdiction under Colo. Stat. § 13-21-402 (2)

2.      Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case sustained serious and substantial bodily injuries and damages when the lid of the pressure cooker was able to be rotated, opened, or removed while the pressure cooker retained pressure, causing him serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

---

[1]   *See*, e.g. Instant Pot Duo User Manual, pg. 21.

**PLAINTIFF CHRISTOPHER RECH**

6.      Plaintiff is a resident and citizen of the City of Commerce City, County of Adams, State of Colorado.  Plaintiff therefore is a resident and citizen of the State of Colorado for purposes of diversity pursuant to 28 U.S.C. § 1332.

7.      On or about April 7, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cookers supposed "safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker.  In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT AMAZON.COM, INC.**

8.      Defendant Amazon markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

9.      Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

---

[2] *See* "10 Safety Mechanisms – DUO, DUO PLUS, LUX, NOVA PLUS AND VIVA,"
https://www.instanthome.com/support/instant/resources

10.    At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Colorado and intentionally availed itself of the markets within Colorado through the promotion, sale, marketing, and distribution of its products.

14.    Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed.  See In re: Instant Brands Acquisition Holdings, Inc., et. al., 4:2023-bk-90716 [Dkt. 1]. Instant Brands is, therefore, not subject to this Court's jurisdiction under Colo. Stat. § 13-21-402 (2), and Amazon is deemed to be "the manufacturer of the product" under the same.

## FACTUAL BACKGROUND

15.    Defendant is engaged in marketing, distributing, and selling the pressure cookers at issue in this litigation.

16.    According to the User's Manual accompanying each individual unit sold, the pressure cookers possess a "Float Valve" which pops up and locks the lid of the cooker in place while the unit is pressurized, stating that "[a]s a safety feature, until the float valve drops down the lid is

locked and cannot be opened,"[3] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

17.    Because of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18.    Plaintiff used the pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendant.

19.    However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

20.    The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21.    Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

22.    As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

23.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from

---

[3] Instant Pot Duo User's Manual, pg. 22.

serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25. At the time of Plaintiff's injuries, the Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

26. The Pressure Cookers were in the same or substantially similar condition as when they left the possession of Defendant.

27. Plaintiff did not misuse or materially alter his Pressure Cooker.

28. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

29. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The Pressure Cookers sold and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

   e. Defendant failed to adequately test the Pressure Cookers; and

f.  Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

30.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

31.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32.    Defendant has a duty of reasonable care to market and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

33.    Defendant failed to exercise ordinary care in the sale, warnings, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

34.    Defendant was negligent in the advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

a.  Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

b.  Placed an unsafe product into the stream of commerce;

c.  Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

d.  Were otherwise careless or negligent.

35.    Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market

7

its pressure cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cooker;

c.  pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case ;and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: March 20, 2026                    **JOHNSON BECKER, PLLC**

8

/s/ Adam J. Kress, Esq.
Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

**Attorneys for Plaintiff**